Jennie DRAIN, Individually and
as Administratrix Estate of
Joe D. Drain

v.

GALVESTON COUNTY, City of League
City, and Constable Daniel Cooper, Indi-
vidually and in His Official Capacity.

No. CIV.A. G–97–316.

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 7, 1997.

James Montgomery Bennett, Dickinson, TX, James Russell Tucker, Richard G. Mills, Dallas, TX, for Plaintiff.

Donald S. Glywasky, Galveston, TX, William Scott Helfand, Bagenheim Bateman et al, Houston, TX, for Defendant.

### ORDER REGARDING MOTIONS TO DISMISS

KENT, District Judge.

Joe Drain shot his wife with a pistol during a domestic dispute on December 26, 1995. Apparently recognizing that he had made a severe error in judgment, Mr. Drain then called 911 and reported that he had shot his wife. Three League City patrol officers responded to the 911 call, along with Constable Daniel Cooper of the Galveston County Constable's Office. Constable Cooper responded pursuant to a mutual aid agreement between himself and League City. When the officers arrived at the Drain home, Joe Drain, his wife Jennie Drain, and the couple's daughter were inside the house and the door was locked. It appears that there was then a standoff between the police and Joe Drain, who at first would not allow anyone to come inside and would not surrender because he was afraid of being shot by the police. A League City police detective stayed on the phone with Mr. Drain and talked him into coming outside so that his wife could be treated without further delay. After the detective assured him that if he came outside he would not be shot, Mr. Drain stepped outside, holding a pistol to his head and threatening to kill himself. After Joe Drain walked down his sidewalk, as officers began to enter his house to assist his wife, Constable Daniel Cooper shot Joe Drain five times. The Plaintiff alleges that the killing was without provocation, and that Cooper was the only person at the scene to fire shots. Joe Drain died as a result of the gunshot wounds inflicted by Constable Cooper.

Jennie Drain recovered from her injuries, and now brings this action individually and as Administratrix Estate of her late husband, alleging violations of 42 U.S.C. § 1983 and common law and state law negligence claims.

Now before the Court are the Motions to Dismiss of Defendants County of Galveston and Constable Daniel Cooper (in his official capacity) and of Defendant City of League City, dated respectively July 1, 1997 and July 11, 1997. For the reasons stated below, the Motion to Dismiss of Defendants Galveston County and Constable Daniel Cooper is **GRANTED**. Defendant League City's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

### ANALYSIS

When considering a Rule 12(b)(6) Motion to Dismiss, the Court accepts as true all well-pleaded allegations in the complaint, and views them in the light most favorable to the plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). A motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994).

 The Supreme Court has held that, although municipalities are "persons" within the meaning of § 1983, they may not be held liable under a theory of respondeat superior or vicarious liability. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690–94, 98 S.Ct. 2018, 2035–37, 56 L.Ed.2d 611 (1978). Instead, the allegedly unconstitutional action must be pursuant to an official municipal policy of some nature. *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. Accordingly, to establish a claim for municipal liability under § 1983, a plaintiff must allege facts which, if true, establish the existence of a constitutional violation caused by a municipality's adoption, or failure to adopt, a particular policy, and that such action went beyond mere negligent protection of the plaintiff's constitutional rights. *Colle v. Brazos Cty., TX.*, 981 F.2d 237, 246 (5th Cir.1993); *see Hare v. City of Corinth, MS.*, 74 F.3d 633, 649–50 (5th Cir.1996). In other words, the plaintiff must allege that the municipality acted intentionally or with deliberate indifference in carrying out the policy that led to

a constitutional violation. A municipality may not be held liable solely for the actions of its non-policymaking employees where no policy is alleged to have caused the violation. Rather, a plaintiff must show that the execution of a municipality's policies or customs led to the constitutional violation. *Colle*, 981 F.2d at 244.

■ The first inquiry in § 1983 cases is whether a constitutional right has been infringed. In this case, Plaintiff alleges that Constable Cooper used excessive force in killing Joe Drain without provocation. Clearly, these facts, if true, establish a violation of Joe Drain's Fourth Amendment right to be free from excessive force and his Fourteenth Amendment right to due process of law. Therefore, Plaintiff has properly pled a constitutional violation.

■ Next, Plaintiff must establish either that the action was taken by a final policymaker of the municipality, or prove that the custom or policy affirmatively links the municipality to and directly caused the constitutional violation alleged. *See Colle*, 981 F.2d at 244; *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir.1995). With respect to Defendant Galveston County, Plaintiff alleges that the County is liable because: Constable Cooper was a policymaker for the County, he had a pattern of objectively unreasonable use of excessive force, and therefore the County is liable for his decisions. According to governing Fifth Circuit authority, a county constable is not a final policymaker of the county. *Rhode v. Denson*, 776 F.2d 107, 110 (5th Cir.1985), *cert. denied sub nom. Rhode v. San Jacinto County, Texas*, 476 U.S. 1170, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986). Furthermore, Constable Cooper is an elected official whose actions should not be attributed to the County without evidence that his action was taken pursuant to a County policy or custom. Because no other basis of liability supports Plaintiff's § 1983 claims against Galveston County, these claims fail as a matter of law. Accordingly, Galveston County's Motion to Dismiss Plaintiff's § 1983 claims against the County is hereby **GRANTED**, and all such claims are **DISMISSED WITH PREJUDICE.**

Defendants County of Galveston and Constable Cooper also move to dismiss the allegations against Constable Cooper in his official capacity. Defendants claim that this action is in reality a claim against the County, and therefore redundant and unnecessary. In response, Plaintiff requests leave to amend the complaint so as to remove the claims against Constable Cooper in his official capacity. Because Plaintiff concedes the action against Constable Cooper in his official capacity is actually an action against the County, and because the Court has dismissed Plaintiff's claims against the County, this action requires dismissal as well. Therefore, the Motion to Dismiss Constable Daniel Cooper in his official capacity is hereby **GRANTED** and all such claims are **DISMISSED WITH PREJUDICE.**

■ Although Plaintiff has failed to allege any County policy that was a direct cause of the constitutional violations in this case to support her § 1983 claim against Galveston County, she has alleged facts which, if true, establish § 1983 liability against Defendant League City. Plaintiff alleges that the municipal ordinance allowing League City to enter into a mutual aid agreement with Constable Cooper was a direct cause and moving force behind the violation alleged. Although the mutual assistance ordinance itself is not unconstitutional, Plaintiff alleges facts which would establish that League City deliberately continued a policy of empowering Constable Cooper to respond to potentially dangerous and explosive situations knowing that he had a history of constitutional violations. These factual allegations clearly meet the threshold necessary to preclude Rule 12(b)(6) dismissal. The Supreme Court requires that where the policy itself is not unconstitutional, there must be an affirmative link between the policy and the violation alleged such that there was a direct causal connection between the two. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985). If Plaintiff's allegations are true, then League City either intentionally ignored or was deliberately indifferent to the alleged lawbreaking history of Constable Cooper, allowing him to respond pursuant to the mutual aid policy, and directly causing Joe Drain's death.

League City argues that Plaintiff's only basis for the City's liability under § 1983 is that the City failed in its responsibility to hire, train, and supervise its officers. In failure to train cases, Defendant argues, the claim must fail as long as the City has met state-mandated training standards for its officers. First, Plaintiff has alleged facts in this case which amount to more than a mere failure to train; if Plaintiff's version of the facts is true, the City empowered an overly aggressive vigilante of justice to respond to delicate situations and brandish a gun in the name of League City. Furthermore, the Plaintiff has alleged that Constable Cooper received no training from the City, and League City makes no claim that it met any state-mandated training standards in this case. In fact, it appears from the record that Constable Cooper was not trained by the City at all. League City further argues that the plaintiff must offer more than one incident of a constitutional violation to establish that the City had a policy or custom of such behavior. While the Supreme Court has stated that failure to train cases specifically require more than a single instance of injury for municipal liability to attach, *see City of Canton, Ohio v. Harris*, 489 U.S. 378, 390–91, 109 S.Ct. 1197, 1206, 103 L.Ed.2d 412 (1989), this argument again fails. Plaintiff in this case has alleged more than one specific instance; there are allegations that Constable Cooper had previously committed several other constitutional violations to which the City turned a blind eye. Thus, assuming the truthfulness of Plaintiff's allegations, the Court finds that Plaintiff can possibly prove a set of facts in support of her claims that would entitle her to relief under § 1983. Accordingly, League City's Motion to Dismiss is **DENIED** as to Plaintiff's § 1983 claims.

Having ruled thus, the Court emphasizes that it is not judging Plaintiff's § 1983 claims against League City on the merits. However, the Court is genuinely disturbed by the Plaintiff's allegations that describe a history of aggressive and overzealous responses by a person acting under authority of law. Principally, the Court is prevented from granting League City's Motion to Dismiss because the case is absolutely suffused with factual nuances which preclude a final determination of Plaintiff's claims at this point. Therefore, the best solution is to allow Plaintiff to present her case to a factfinder and have it adjudicated on the merits.[1]

▇ The City also seeks to dismiss Plaintiff's claim for punitive damages against the City. Punitive damages cannot be assessed against a municipality since the ultimate effect would be to punish the taxpayers rather than the wrongdoers, thereby negating any punitive purpose. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266–67, 101 S.Ct. 2748, 2759–60, 69 L.Ed.2d 616 (1981). Moreover, Plaintiff has conceded that punitive damages are not recoverable and requests leave to amend the pleadings in order to omit the punitive damages as to League City. Accordingly, League City's Motion to Dismiss Plaintiff's claim of punitive damages is **GRANTED** and that claim is **DISMISSED WITH PREJUDICE.**

▇ Finally, Defendant League City seeks dismissal of Plaintiff's pendent state law claims. Specifically, Plaintiff alleges claims under the Texas Tort Claims Act and general common law negligence claims. The Texas Tort Claims Act provides for a limited waiver of the common law doctrine of governmental immunity under certain circumstances. However, this waiver "does not apply to a claim arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE § 101.057 (Vernon 1997). Although Plaintiff uses the term "negligent" in describing her claims under this cause of action, the events described as negligent form the basis for her § 1983 cause of action as well. Plaintiff's § 1983 cause of action and her claims under the Texas Tort Claims Act are mutually exclusive. A plaintiff cannot pursue pendent state claims under the Texas Tort Claims Act where they are based on a single event, an

---

1. Having expressed its apprehensions in granting dismissal at this point, the Court notes that, even if true, the facts of this case are not particularly favorable to Plaintiff, since she was viciously and near-fatally attacked by the victim. She will have a hard time proving that she has suffered harm from Constable Cooper's actions. Accordingly, the Court strongly suggests that Plaintiff consider an amicable settlement.

event alleged under a contemporaneous § 1983 cause of action to be an intentional tort. See, e.q., *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir.1994). Because Plaintiff has repeatedly alleged that Constable Cooper's actions constitute intentional torts and that the City acted intentionally or with deliberate indifference with regard to its supervision and control of Cooper, Plaintiff cannot now simply plead that the City was negligent in order to support additional state law negligence claims.

Accordingly, the City's Motion to Dismiss is **GRANTED** with respect to Plaintiff's claims under the Texas Tort Claims Act and such claims are **DISMISSED WITHOUT PREJUDICE**. These claims are dismissed without prejudice in order to allow the Plaintiff to review her case carefully with her attorney at this time. The Court notes that the Fifth Circuit's standard in reviewing § 1983 causes of action is extraordinarily high. *See Scott v. Moore*, 114 F.3d 51 (5th Cir.1997). Therefore, should the Plaintiff and her counsel feel that her negligence claims under the Texas Tort Claims Act have greater viability than her federal § 1983 claims, the Court will entertain a FED. R. CIV. P. 41 dismissal of Plaintiff's federal suit in order to allow her to pursue any and all state law claims in state court.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss of Defendants Galveston County and Constable Daniel Cooper is **GRANTED**, and all claims against the County and against Constable Cooper in his official capacity are **DISMISSED WITH PREJUDICE**. Defendant League City's Motion to Dismiss is **DENIED** as to Plaintiff's federal § 1983 claims and **GRANTED** as to Plaintiff's Texas Tort Claims Act claims, negligence claims, and punitive damages claim. Plaintiff's Texas Tort Claims Act and negligence claims against the City are **DISMISSED WITHOUT PREJUDICE** and Plaintiff's punitive damages claim is **DISMISSED WITH PREJUDICE**. The parties are instructed to file nothing further regarding the *dismissed* claims in this Court, including motions to reconsider and the like, unless compelling evidence reveals that such consideration is warranted. All parties are

**ORDERED** to bear their own costs and attorney's fees incurred to date.

**IT IS SO ORDERED**.

## *PARTIAL FINAL JUDGMENT*

For the reasons set forth in the Order issued this date, the Motion to Dismiss of Defendants Galveston County and Constable Daniel Cooper is **GRANTED**, and all claims against the County and against Constable Cooper in his official capacity are **DISMISSED WITH PREJUDICE**. Defendant League City's Motion to Dismiss is **GRANTED** as to Plaintiff's Texas Tort Claims Act claims, negligence claims, and punitive damages claim. Plaintiff's Texas Tort Claims Act and negligence claims against the City are **DISMISSED WITHOUT PREJUDICE** and Plaintiff's punitive damages claim is **DISMISSED WITH PREJUDICE**. All parties are **ORDERED** to bear their own costs and attorney's fees incurred to date.

**THIS IS A FINAL JUDGMENT**, on the foregoing issues. Any remaining claims remain pending, subject to further Order of the Court.

**IT IS SO ORDERED**.