### Richard Paul SHAFFER

v.

### THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

No. Civ.A. G–97–536.

United States District Court, S.D. Texas, Galveston Division.

Dec. 17, 1997.

---

Gene Stuart Hagood, Hagood & Neumann, Alvin, TX, for Plaintiff.

Thomas J. Forestier, Jeffrey A. Davis, McGinnis, Lochridge & Kilgore, Houston, TX, for Defendant.

## ORDER

KENT, District Judge.

Plaintiff Richard Paul Shaffer brings this action against Defendant Guardian Life Insurance Company of America ("Guardian") for breach of a fiduciary duty, fraud, and negligence. Now before the Court is Defendant Guardian's Motion to Dismiss the breach of fiduciary duty and fraud claims, and Alternative Motion for a More Definite Statement, filed November 19, 1997. For the reasons stated below, the Motion to Dismiss is **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff was employed with Guardian as an insurance agent after spending seventeen years in the military. According to Plaintiff, Guardian and its employees "taught him everything he knew about selling life insurance." Shaffer was taught methods of dealing with clients and procedures to follow in evaluating potential clients, and was told to follow the procedures "100%." [1]

---

1. Plaintiff's First Amended Complaint makes several other allegations relating to the procedures he was taught to follow as an insurance agent. Because the details of the training he was given are not important to the resolution of the issues before the Court, they are not included at this time. Furthermore, it is not apparent, from the Amended Complaint, how these procedures were fraudulent and/or illegal.

According to Plaintiff, Guardian taught him, as an agent, "to conduct his activities illegally in the Insurance Industry's standards and protocol." It is unclear from a facial reading of the First Amended Complaint exactly which aspects of the Guardian's procedures were illegal. Plaintiff alleges, however, that on September 11, 1996, he was put on notice of claims by policy holders concerning a Guardian whole life insurance policy, and that there are approximately 30 other policy holders that could potentially bring claims against him. Plaintiff alleges that the policies and procedures Guardian taught him to follow defrauded the policy holders and damaged him, constituting fraud against him. Plaintiff also brings claims of negligence and breach of fiduciary duty, allegedly resulting from the same conduct by Guardian.

## II. ANALYSIS

When considering a Motion to Dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint, and views them in the light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). Such motions should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir .1994).

 The Court first addresses Plaintiff's breach of fiduciary duty claims. In Texas, there is no fiduciary duty owed by a principal to his agent, or from an insurance company to its insurance agent. Plaintiff alleges that Texas allows fiduciary relationships to exist "in all cases in which influence has been acquired and abused, in which confidence has been reposed and betrayed." *Texas Bank and Trust Co. v. Moore,* 595 S.W.2d 502, 507 (Tex.1980). As opposed to arguing for the existence of a fiduciary relationship between principal and agent, Plaintiff seems to suggest that Guardian owes Shaffer a fiduciary duty because Guardian "taught him everything he knew about insurance." Based on

this reasoning, courts could infer a fiduciary duty in a limitless array of relationships, including teacher-student, trainer-trainee, and any other relationship where one is dependent upon another for knowledge. Such a result would be completely unacceptable considering the extraordinary duties imposed upon a fiduciary, requiring him to put the interests of his beneficiary above his own. *Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.,* 55 F.3d 181, 188 (5th Cir.1995). "When persons enter into fiduciary relations each consents, as a matter of law, to have his conduct towards the other measured by the standards of the finer loyalties exacted by courts of equity." *Moore,* 595 S.W.2d at 508.

Moreover, Texas law cannot be interpreted as Plaintiff envisions. First, the language Plaintiff quotes in his Response to the Motion to Dismiss must be qualified by the context from which it arises. In *Moore,* the court found a fiduciary relationship between a woman who was incapacitated and unable to handle her personal affairs and her brother, who was her agent, had a power of attorney, and became joint tenant with right of survivorship over much of her property, after he converted her property to his own use. Plaintiff also quotes *Pope v. Darcey,* 667 S.W.2d 270 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), where the court found the existence of a confidential relationship between a vendor, who was an elderly man apparently not in complete possession of his faculties, and a purchaser who had been attorney to the decedent whose estate was at issue and had previously represented the estate. Finally, Plaintiff cites to two other cases, *Horton v. Robinson,* 776 S.W.2d 260, 265 (Tex.App.—El Paso 1989, no writ), and *Tracy v. Annie's Attic, Inc.,* 840 S.W.2d 527, 536 (Tex.App.—Tyler 1992, writ denied), which find fiduciary relationships between business partners and from agent to principal, respectively.

Nowhere has Plaintiff cited to authority that promotes the existence of the fiduciary relationship he seeks to establish here. In fact, no such authority exists. There is authority, however, *against* the existence of such a fiduciary duty. Defendant cites an unpublished opinion, *Casteel v. Ferguson,*

1997 WL 528822 (Tex.App.—Austin 1997, n.w.h.), which holds that no fiduciary duty is owed from a principal to an agent, and notes that no Texas case has ever held that such a fiduciary duty exists. *Id.* at *6. Despite Defendant's failure to comply with the technical requirements of Fifth Circuit Rule 47.5.4 regarding the citation of unpublished opinions,[2] the Court bears in mind the *Casteel* observation that no Texas court has ever found the existence of a fiduciary duty owed by a principal to his agent.

▮ Furthermore, another Texas case has held that an insurance company does not owe its agent a duty of good faith and fair dealing. *Shelton Ins. Agency v. St. Paul Mercury Ins. Co.*, 848 S.W.2d 739, 743 (Tex. App.—Corpus Christi 1993, writ denied). A fiduciary duty encompasses at the very minimum a duty of good faith and fair dealing, but the converse is not true. The duty of good faith and fair dealing merely requires the parties to "deal fairly" with one another and does not encompass the more demanding burden of a fiduciary that constrains a party to place the interest of the other party before his own. *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex.1992); *Associated Indem. Corp. v. Cat Contracting, Inc.*, 918 S.W.2d 580, 597 (Tex. App.—Corpus Christi 1996, writ granted). Because an insurance company does not owe its agent a lesser duty of good faith and fair dealing, it cannot possibly owe its agent the more exacting duty of a fiduciary. Plaintiff therefore has no cause of action against Defendant for breach of a fiduciary duty. Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for breach of fiduciary duty is hereby **GRANTED**, and that claim is **DISMISSED WITH PREJUDICE.**

Next, the Court *sua sponte* addresses Plaintiff's negligence claim, which is based on the events also alleged to constitute intentional fraud with malice. As this Court has repeatedly held, a plaintiff cannot pursue state law claims under negligence where they are based on a single event, an event alleged under a contemporaneous cause of action to be an intentional tort. *See, e.g., Drain v. Galveston County,* 979 F.Supp. 1101, 1103 (S.D.Tex.1997). Such causes of action are mutually exclusive. *See Taylor v. Gregg,* 36 F.3d 453, 457 (5th Cir.1994). Because Plaintiff has repeatedly alleged that Guardian made "intentional and material misrepresentations" which constitute intentional fraud with malice, Plaintiff cannot now simply plead that Guardian was negligent in order to support an additional negligence claim. However, should Plaintiff decide, after further discovery, that his negligence claims have more merit than his claims of intentional fraud, he may decide to dismiss the fraud claims and reassert negligence. Accordingly, Plaintiff's claims of negligence are *sua sponte* **DISMISSED WITHOUT PREJUDICE.**

▮ Finally, the Court considers Defendant's Motion to Dismiss Plaintiff's claims of fraud. To establish a claim for fraud in Texas, a plaintiff must show: (1) a material representation; (2) that was false; (3) made with knowledge that it was false or with reckless disregard as to its truth or falsity; (4) made with the intention to induce reliance; (5) reliance; and (6) damages. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso,* 847 S.W.2d 218, 222 (Tex.1992) (citing *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 185 (Tex.1977)); *Heden v. Hill,* 937 F.Supp. 1230, 1238–39 (S.D.Tex.1996). Contrary to Defendant's assertions, Plaintiff has alleged facts sufficient to constitute a *prima facie* cause of action for fraud. However, the alleged damages are, *inter alia,* that Plaintiff has been notified of at least one lawsuit against him and that he will be required to defend himself in several subsequent suits brought by allegedly defrauded policy holders. Consequently, this Court is not the proper forum for the assertion of Plaintiff's claims of fraud. The proper context for Plaintiff to assert his claims is in a third-party action for contribution or indemnifica-

---

**2.** Notably, neither counsel for Plaintiff nor counsel for Defendant states the applicable law in the Fifth Circuit for the precedential value of an unpublished opinion. Unpublished opinions are not precedent in the Fifth Circuit, but may be persuasive. 5th Cir.R. 47.5.4. That Rule also provides that an unpublished opinion may be cited in a brief, but "a copy of the unpublished opinion shall be attached to each copy of the brief, motion, or document." Although Defendant cited *Casteel* in its Response, it failed to attach a copy to its brief.

tion in the suits brought against him by the policy holders. To litigate Plaintiff's fraud claims in this Court, rather than to require Plaintiff to allege them as a third-party plaintiff, would be a waste of judicial resources, since all of the necessary parties will be represented in the policy holder actions, and the exact claims asserted here will likely be asserted in those actions as Plaintiff's defense. While the Court appreciates the confidence reposed in it by Plaintiff, and understands Plaintiff's aspiration to have his claims fairly and swiftly adjudicated, this Court cannot ignore the constraints imposed upon it in the name of judicial efficiency. This Court is simply not the proper vehicle, at this point,[3] in which to bring Plaintiff's claims. Accordingly, Defendant's Motion to Dismiss Plaintiff's claim of fraud is **GRANTED,** and such claim is **DISMISSED WITHOUT PREJUDICE.**

### III. CONCLUSION

Defendant's Motion to Dismiss Plaintiff's claims of breach of fiduciary duty and fraud is **GRANTED.** Plaintiff's claim based on breach of fiduciary duty is **DISMISSED WITH PREJUDICE,** and Plaintiff's claim of fraud is **DISMISSED WITHOUT PREJUDICE.** The Court *sua sponte* **DISMISSES** Plaintiff's claim of negligence WITHOUT **PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Court's Order entered this date, Defendant's Motion to Dismiss is **GRANTED.** Plaintiff's claim based on breach of fiduciary duty is **DISMISSED WITH PREJUDICE,** and Plaintiff's claim of fraud is **DISMISSED WITHOUT PREJUDICE.** Plaintiff's claim of negligence is *sua sponte* **DISMISSED WITHOUT PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

---

**3.** Of course, if in fact no actions are brought by policy holders within the applicable statute of limitations, Plaintiff is free to reassert his claims. However, the possibility of multiple lawsuits con-

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**

cerning the same underlying case and controversy at this point necessitates the result reached here.