Connie MIRELEZ, Next Friend of Michaela Mirelez

v.

BAY CITY INDEPENDENT SCHOOL DISTRICT

Civil Action No. G–97–161.

United States District Court, S.D. Texas, Galveston Division.

Jan. 29, 1998.

Thomas M Booker, Austin, TX, for Plaintiff.

Paul W. Hunn, Walsh Anderson Underwood Schulze and Aldridge, Austin, TX, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff brings this case alleging violation of 42 U.S.C. § 1983. Now before the Court is Defendant's Motion for Summary Judgment. For the reasons that follow, Defendant's Motion is hereby **DENIED.**

### I. FACTUAL SUMMARY

Plaintiff brings this case on behalf of her daughter, Michaela Mirelez. In May of 1994, a student at the Bay City junior high school, part of the Bay City Independent School District ("District") in Bay City, Texas, reported to Rick Bowles, the junior high school principal, that substitute teacher Frank Garcia had seven years earlier sexually molested her off school premises. Upon receiving this information, Bowles immediately notified Child Protective Services ("CPS"). Following an investigation of the incident, CPS determined that there was "Reason to Believe" the veracity of the student's story. Thereafter, CPS reported its findings to Principal Bowles and issued a law enforcement warning to the Bay City Police Department, who then registered Garcia as a sexual offender. Because the student victim was in the care of her mother, CPS closed the case. Plaintiff concedes no action was taken at that time against Garcia, at least to the extent that the incident would create a criminal record. Defendant concedes that it did not check Garcia's criminal record prior to employing him. Defendant further admits that Principal Bowles failed to report this incident to the superintendent of schools.

On November 29, 1996, Michaela Mirelez was a second-grade student at Pierce School, the District's elementary school. On that date, Plaintiff alleges that Garcia, now substituting at the Pierce School, sexually molested Michaela on school premises, causing her significant physical, psychological, and emotional injury. Garcia subsequently pleaded no contest to state criminal charges for indecency with a child.

### II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *Id* at 248, 106 S.Ct. at 2510. The mere *existence* of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Id.* at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Id.;see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Casualty Co.,* 799 F.Supp. 691 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

### III. ANALYSIS

It is now well established that sexual assault upon a student by a teacher is an unconstitutional intrusion into the child's bodily integrity, akin in nature to corporal punishment. *See Ingraham v. Wright,* 430 U.S. 651, 673 & n. 41, 97 S.Ct. 1401, 1413 & n. 41, 51 L.Ed.2d 711 (1977) (holding that the

Due Process Clause protects one from "unjustified intrusions on personal security"); *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 451 (5th Cir.1994) (en banc) ("If the Constitution protects a school child against being tied to a chair or against arbitrary paddlings, then surely the Constitution protects a school child from physical sexual abuse ... by a public schoolteacher."); *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 727 (3d Cir.1989) (arguing that "a teacher's sexual molestation of a student could not possibly be deemed an acceptable practice"). Section 1983 provides a claim against anyone who, "under color of" state law, deprives another of his or her constitutional rights. 42 U.S.C. § 1983; *see, e.g., Collins v. City of Harker Heights*, 503 U.S. 115, 120–21, 112 S.Ct. 1061, 1066, 117 L.Ed.2d 261 (1992). Liability cannot be imposed upon a state entity for a constitutional violation on the basis of a respondeat superior or vicarious liability theory. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123–26, 108 S.Ct. 915, 924–25, 99 L.Ed.2d 107 (1988). Instead, Plaintiff in this case must rely on either a "special relationship" or "deliberate indifference" theory. Apparently understanding that the Fifth Circuit has not accepted the argument that Texas' compulsory attendance laws create a special relationship between the student and the school, *see Walton v. Alexander*, 44 F.3d 1297, 1299 (5th Cir.1995) (en banc), Plaintiff attempts to establish Defendant's § 1983 liability on a deliberate indifference theory. The United States Supreme Court has indicated that a state entity can be liable under § 1983 if the hiring policy and procedures "reflect[ ] deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *See Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, ——, 117 S.Ct. 1382, 1391–92, 137 L.Ed.2d 626 (1997).

At the outset, Defendant claims that Plaintiff has failed to show grounds for liability of Defendant for Garcia's alleged molestation of Plaintiff's daughter because she has not pleaded that a policy of a final policy-making authority caused the deprivation of rights alleged in this case. Conversely, Plaintiff alleges that Defendant is liable because Garcia's supervisors, employees of Defendant, learned of facts or a pattern of inappropriate sexual behavior by Garcia that indicated that he was a child molester and failed to take actions to prevent or stop his molestation of students. Defendant maintains that Plaintiff's allegation is insufficient to support a § 1983 cause of action against Defendant because supervisors are not final policy makers and thus cannot subject the District to liability.

■■■ The general rule is that only the actions of school district officials with final policy-making authority can subject a school district to liability under § 1983. *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir.1995) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 128, 108 S.Ct. 915, 926–27, 99 L.Ed.2d 107 (1988)), *cert. denied*, 517 U.S. 1191, 116 S.Ct. 1680, 134 L.Ed.2d 782 (1996). Under Texas law, final policy-making authority of an independent school district generally rests with the district's Board of Trustees. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir.1993); *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 752 (5th Cir.1993) (citations omitted). Understanding the general rule, the Court notes that this case presents a unique situation in which the summary judgment evidence overwhelmingly reveals that the District's Board of Trustees expressly delegated final policy-making authority to the District superintendent. In *Jett*, the Fifth Circuit suggested that final policy making authority could in fact be delegated by a district's board of trustees. *See Jett*, 7 F.3d at 1251 ("Under Texas law such policymaking authority rested exclusively with the DISD board of trustees, and there is *no evidence they had delegated it* ..." (emphasis added)). Because evidence of delegation exists in this case, summary judgment is improper.

■■■ Having determined that evidence of delegation exists sufficient to defeat summary judgment, the Court now turns to the policies themselves. "Common sense recommends—and state law demands—that, in the interest of the safety of school children, school officials investigate the criminal histories of prospective school employees." *Doe*

*v. Hillsboro Independent School Dist.*, 81 F.3d 1395 (5th Cir.1996); *see also* TEX.EDUC. CODE ANN. § 21.917. Plaintiff argues that Defendant's policies violate § 1983 because they do not require a background check for substitute teachers. However, it is undisputed in this case that, even if it were checked, no information could have been garnered from Garcia's criminal record that would have prevented his employment. Without such causation, Plaintiff's argument is fatally flawed. *See City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989) ("[A] municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" (quoting *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978))); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412 (5th Cir.1997) (en banc) (holding that school superintendents and trustees were not liable under § 1983 where the plaintiff could not demonstrate a nexus between a failure to check the criminal background of a school employee and the sexual assault of a student).

■ Next Plaintiff argues that Defendant's policies were deliberately indifferent to her civil rights because they did not require immediate reporting of Garcia's behavior once it was discovered that there was "reason to believe" he had molested a child at the junior high school.[1] The evidence reveals that over four months passed from the time Principal Bowles learned of Garcia's previous behavior and the incident forming the basis of this case. It is clear that if Bowles had informed the District superintendent of Garcia's behavior, the molestation of Plaintiff's child could have been prevented. The summary judgment evidence in this case is unclear whether Defendant had a policy that required reports of negative incidents involving substitute teachers. On the one hand, the District superintendent states that there was a verbal policy requiring such reporting by subordinate principals.[2] On the

other hand, principal Bowles, Defendant's employee, states that no such policy existed. The existence and adequateness of a policy in this case is clearly a question for the trier of fact to be determined in light of community standards. Summary judgment is therefore improper.

■ The Court expressly notes that Plaintiff's burden at trial on the deliberate indifference issue is a tough one. The Supreme Court has recently reaffirmed that "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, ——, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997); *see also Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (noting that deliberate indifference is more than "more blameworthy than negligence", but less than "acts or omissions for the very purpose of causing harm or with knowledge that harm will result"). The deliberate indifference standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]." *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 756 (5th Cir.1993). For example, in *Gonzalez*, the Fifth Circuit held that a school district's board of trustees was immune from liability for a teacher's molestation of a student even though the board was informed of two incidents of the teacher's inappropriate behavior, and only transferred the teacher as a result. *See Gonzalez*, 996 F.2d at 762. After the transfer, the teacher molested a first grader. *See id.* at 746–49. Even on these horrific facts, the Fifth Circuit determined that the board of trustees had not acted with deliberate indifference in failing to terminate the teacher after the first two complaints, because, although the board's decision to transfer was "negligent" and "inconsistent with the district's handling of other cases of sus-

---

**1.** Deliberate indifference will often be a fact-laden question. *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 457 n. 12 (5th Cir.1994).

**2.** As this Court has repeatedly stated, mere negligence of one enforcing policy does not create liability on the part of the policy maker. *See, e.g., Drain v. Galveston County*, 979 F.Supp. 1101 (S.D.Tex.1997).

pected sexual abuse," the board had not turned "a blind eye" to the complaints, but had ordered an investigation and followed the recommendation based on that investigation. *See id.* Plaintiff's burden is a tough one indeed. However, because a fact question exists regarding deliberate indifference in this case, summary judgment is improper.

Defendant's Motion for Summary Judgment is hereby **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the Fifth Circuit Court of Appeals, as may be appropriate in due course.

**IT IS SO ORDERED.**