**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 15, 2004**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-21025

YOLANDA FRANK,

Plaintiff-Appellant,

VERSUS

HARRIS COUNTY,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

(4:99-CV-2383)

Before BARKSDALE, GARZA and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:[*]

Plaintiff-Appellant Yolanda Frank ("Frank"), a former deputy for Defendant-Appellee Harris County (the "county"), appeals the district court's summary judgment dismissal of her 42 U.S.C. § 1983 claim. Frank also appeals the district court's grant of judgment as a matter of law on her Title VII *quid pro quo* harassment and retaliation claims, 42 U.S.C. § 2000e *et seq.* We AFFIRM.

BACKGROUND

Frank was hired on February 1, 1997, to serve as a deputy

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constable, under the supervision of Constable A.B. Chambers ("Chambers"), in the Absent Student Assistance Program division ("ASAP"), a contract program with the Houston Independent School District. Based on the affiliation with the school district, ASAP employees were hired for a limited period of one school year and let go at the end of each year. Employees submitted new employment applications for each following school year. Accordingly, Frank was terminated at the end of the year on May 11, 1998, and rehired on July 29, 1998, for the 1998-99 school year. Once rehired, Frank entered into a new 90-day probationary period, consistent with policy. Frank was terminated on October 16, 1998, within the 90-day probationary period. The parties dispute the reason for Frank's termination. Frank claims she was terminated for rejecting, yet not reporting, the numerous sexual advances of Constable Chambers. Frank describes at least six incidents of unwanted and offensive sexual advances and touchings she endured from Chambers. The county responds that Frank was terminated because of some five incidents of insubordination or failure to obey orders during her 90-day probationary period.

Frank filed suit against the county, alleging that Constable Chambers sexually harassed her on the job and that she was wrongfully terminated. The county filed a motion for summary judgment as to all claims. The district court granted the county's motion for summary judgment on Frank's § 1983 claim and denied summary judgment as to the sexual harassment and retaliation claims

2

arising under Title VII.  By written memorandum and order, the district court held that: (1) Frank was an employee of Harris County; (2) Constable Chambers, as an elected official, was not an employee of Harris County; (3) Frank failed to establish a genuine issue of material fact as to whether the county had a well-settled custom or policy causing her injury and therefore that summary judgment was properly granted to the county on the § 1983 claim; (4) a genuine issue of material fact precluded summary judgment as to Frank's sexual harassment claim on a *quid pro quo* theory; and (5) a genuine issue of material fact precluded summary judgment as to Frank's retaliation claim.

The surviving Title VII claims were tried to a jury, and a verdict was rendered for Frank in excess of $400,000.  After the jury returned its verdict, the county reurged its motion for judgment as a matter of law under **FED. R. CIV. P. 50**, and the district court granted the county's motion by written memorandum and order.  The district court reiterated its prior determination of the employment status of the individuals — that Frank was an employee of the county and Chambers, as an elected constable, was not an employee of the county.  Then the district court granted judgment as a matter of law to the county on both Frank's *quid pro quo* harassment claim and retaliation claim.

## DISCUSSION

Frank argues that three issues require reversal and remand.

3

As explained here, we disagree.

## I.  *Summary Judgment Properly Entered on § 1983 Claim*

First, Frank argues the district court erred in granting summary judgment to the county on her § 1983 claim.  This Court reviews the grant of summary judgment *de novo* and uses the same standard as does the district court in evaluating the motion, examining the record in the light most favorable to the nonmovant, here, Frank.  *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In order for the county to be liable under § 1983, Frank must show, among other things, either the unconstitutional action of policymakers or an unconstitutional policy or custom.  *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992).  The district court correctly determined that Frank failed to raise a genuine issue of material fact as to whether any official policy or custom governed the alleged conduct and whether Chambers was the final policy maker.  *See Rhode v. Denson*, 776 F.2d 107 (5th Cir. 1985) (holding elected constable not the final policymaker and therefore unconstitutional acts of elected county official not chargeable

4

against the county); *see also* **Drain v. Galveston County**, 979 F. Supp. 1101 (S.D. Tex. 1997) (holding county cannot be held liable for conduct of elected official constable under § 1983 because he is not final policymaker).

Frank argues on appeal that her case is distinguishable from those relied upon by the district court because Constable Chambers admitted in deposition testimony that he was the final policymaker, creating an issue that should have been submitted to the jury. The county disputes that Chambers so testified and argues that, even if he did, such testimony is merely a legal conclusion which is contrary to established law. As a matter of law in this Circuit, an elected county constable is not, absent specific facts not present in this case, the final policymaker such that his unconstitutional conduct may be chargeable against the county. *See* **Rhode**, 776 F.2d at 109-10.

> The determining factor, however, is neither that a constable is elected by voters from a subunit of the County nor that the commissioner's court controls his salary. The critical circumstance is that . . . a constable . . . was not given that discretion, or range of choice, that is at the core of the power to impose one's own chosen policy. It is true that a constable possesses a limited range of choice, which is essential even to virtually ministerial tasks. But a constable's range of choice is no greater than that, for example, of a peace officer who must decide whether to arrest for a misdemeanor committed in his presence.

*Id.* at 109.

Chambers's testimony is not controlling on the issue of

5

whether, as a matter of law, he was the final policymaker. Moreover, Frank did not adduce evidence or argument, beyond this testimony, to support a finding that an unconstitutional custom or policy of sexual harassment existed. Because Frank failed to submit a genuine issue of material fact on the question of whether an unconstitutional custom or policy of sexual harassment existed, the district court properly granted judgment to the county on the § 1983 claim.

## II. Judgment as a Matter of Law on Frank's Title VII Claims

Next, Frank appeals the district court's grant of judgment as a matter of law under Rule 50 as to her Title VII claims for both *quid pro quo* harassment and retaliation. This Court reviews the grant of a Rule 50 motion *de novo*, applying the same standards as the district court applied and considering all the evidence in the light most favorable to the jury's verdict. **Resolution Trust Corp. v. Cramer**, 6 F.3d 1102, 1109 (5th Cir. 1993). "If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party." **FED. R. CIV. P. 50(a)(1).**

### A. Frank's Title VII quid pro quo harassment claim

In determining that judgment should be entered for the county on Frank's Title VII *quid pro quo* harassment claim, the district

court made several initial findings, each now challenged by Frank. First, the district court found, initially on the motion for summary judgment and again – but without new evidence – on the Rule 50 motion, that Frank was employed by Harris County. The court applied the hybrid economic realities/control test as described in **Bloom v. Bexar County**, 130 F.3d 722 (5th Cir. 1997), and per this Court's instruction, analyzed the control factor under Texas law. Finding that the county exercises considerable control over deputies (e.g., salary and benefit provisions, tax withholding, and establishment of terms and conditions of employment), Frank was correctly held to be an employee of Harris County for purposes of Title VII.

Next, the court determined that Chambers was not employed by the county, primarily because he is an elected official who is not subject to the civil service laws of the state government. *See* **42 U.S.C. § 2000e(f)**. For purposes of Title VII, the Equal Employment Opportunity Act of 1972 provides that elected officials are not employees. **Id.** Frank argued to the district court and argues now on appeal that the county can be liable for Chambers's conduct – irrespective of his employment status – because he was Frank's supervisor. For this proposition, Frank relies upon **Burlington Industries, Inc. v. Ellerth**, 524 U.S. 742 (1998), and **Faragher v. City of Boca Raton**, 524 U.S. 775 (1998). **Burlington** does not support Frank's argument in this regard because the supervisor in

7

*Burlington* was an employee of the defendant employer, a private corporation. 524 U.S. at 747. In *Faragher*, the Court considered a governmental employer, but again, the supervisor was an employee. 524 U.S. at 780 ("This case calls for identification of the circumstances under which an employer may be held liable under Title VII . . . for the acts of a supervisory employee."). Neither case supports Frank's position.

This Circuit has recognized that employers may be liable under Title VII for the conduct of non-employees in the workplace when the employer knows of the harassment but fails to act. *Garziano v. E.I. Du Pont de Nemours & Co.*, 818 F.2d 380, 387 (5th Cir. 1987). Based upon Chambers's status as a non-employee, Frank may state a Title VII claim against the county for Chambers's unconstitutional and tortious conduct, only if the county knew or should have known of the conduct and failed to take immediate and appropriate corrective action. *See* **29 C.F.R. § 1604.11(e).**

The district court found that Frank adduced no evidence of the county's knowledge. The district court, in its order regarding summary judgment, believed that Frank filed her EEOC charge on January 22, 1998, thereby permitting time for the EEOC and Texas Commission on Human Rights to inform the county of the problem and conduct investigation. But to the contrary, at trial the undisputed fact emerged that Frank did not file her first complaint regarding Chambers's conduct until February 1999, four months after

8

her employment ended. By Frank's own testimony, she did not report the offensive conduct until after her termination. Also, Frank did not report the conduct to the human resources department, to any of her supervisors, to the district attorney's office, or to the mental health program. Therefore, the district court's original assumption that the county had knowledge of the problem was incorrect; and in the subsequent order regarding the Rule 50 motion, the district court corrected this inaccuracy.

Frank argues that another individual's prior cause of action, in which the plaintiff complained of Chambers's conduct, **Moore v. Harris County**, No. 98-01776 (S.D. Tex. filed June 5, 1998), provided the requisite knowledge to the county to support *quid pro quo* liability for a non-employee's conduct. The district court rejected this argument because **Moore** resulted in a judgment for Chambers on the merits, and therefore did not advance Frank's argument, and because the evidence of the existence of other complaints against Chambers was admitted solely for the purposes of showing Chambers's motive, opportunity, or intent to sexually harass Frank.

Even if the county knows or should know of harassment once a suit is filed and some evidence of harassment is presented, the **Moore** case is, on this record, insufficient to reverse the judgment for the county because no other evidence of the county's knowledge was presented and, most importantly, Frank does not argue that the

9

testimony or depositions or other evidence presented in *Moore* put the county on notice of Chambers's conduct. Instead she merely argues that the case's existence is sufficient to provide notice. We disagree. On this record, we affirm the district court's judgment as matter of law on Frank's Title VII claim for harassment by a non-employee.

**B.  *Frank's Title VII retaliation claim***

The district court also entered judgment as a matter of law for the county on Frank's retaliation claim. To state a claim for retaliatory discharge under Title VII, Frank must show that: (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between the protected activity and that adverse reaction. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001).

The court reversed the jury's verdict on this claim because it determined Frank failed to engage in a protected activity. A protected activity is "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Id.* (citing 42 U.S.C. § 2000e-3(a) and *Evans v. City of Houston*, 246 F.3d 344, 352-53 (5th Cir. 2001)). The district court found that Frank, by her own testimony, did not participate in a protected activity, that is, filing an EEOC complaint, until

10

after her termination.

On appeal, Frank argues that the protected activity she engaged in was her "express rejection" of Chambers's sexual advances. But Frank provides no authority for the proposition that a single "express rejection" to Chambers constitutes as a matter of law a protected activity for purposes of retaliation. Also, Frank offers no explanation or evidence in support of the required element of causal connection. To demonstrate causation, Frank must adduce evidence that "but for" the protected activity, the adverse employment action would not have occurred. *See* **Mota**, 261 F.3d at 519 (internal quotation marks and citations omitted). Frank fails to explain on appeal, as below, how her opposition to Chambers's advances, which by her own testimony consisted largely of unexpressed disapproval and was not reported to the county or the EEOC prior to termination, caused her ultimate termination.

Therefore, we affirm the district court's grant of judgment as a matter of law on the retaliation claim.

## CONCLUSION

Having fully considered the briefs, record on appeal and oral arguments of the parties, we conclude the district court properly entered judgment for the county on both the motion for summary judgment and the motion for judgment as a matter of law.
**AFFIRMED.**

11