# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2007

Charles R. Fulbruge III
Clerk

No. 07-20061

ANGELA TONKIN, Executrix of the Estate of Virgil Holland; MARK CRUSE;
RONNIE ALEXANDER; TOM DICKERSON

Plaintiffs - Appellants

v.

HARRIS COUNTY TEXAS

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
4:04-CV-4687

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM:[*]

Four former employees[1] of the Harris County Constable's Office, Precinct Three, appeal the summary judgment denying their 42 U.S.C. § 1983 claim. Virgil Holland, Mark Cruse, Ronnie Alexander, and Tom Dickerson alleged that the constable, Ken Jones, violated their First Amendment rights by limiting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] One of the employees, Virgil Holland, died during the course of these proceedings.

their ability to air their complaints about the constable's office and by retaliating against them for refusing to support his election campaign. Their § 1983 suit was directed not at the constable, however, but at Harris County, a fact that proves fatal for their claims.

Though § 1983 may be applied against municipalities, it may not be applied under a theory of respondeat superior. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 693 (1978). That is,

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government is responsible under § 1983.

Id. at 694. Further, "a single action by a municipal official possessing final policymaking authority regarding the action in question constitutes the official policy of the municipality." Brady v. Fort Bend County, 145 F.3d 691, 698 (5th Cir. 1998). But the discretion to terminate and hire does not in itself represent final policy-making authority, if another body or official sets county employment policy. See id. at 699 n.1.

The threshold question for this case, therefore, is whether a constable of a county in Texas can be said to be the policy maker for the county with respect to his actions so as to hold the county liable for the constable's conduct. Our precedents are clear: the answer is no.

A constable is not elected by the county, but by voters in a precinct, a subdivision of a county. In Rhode v. Denson, 776 F.2d 107, 109 (5th Cir. 1985), a case involving an unlawful arrest, the court focused on the limited authority exercised by constables: "The critical circumstance is that Denson, as a constable of a precinct, was not given that discretion, or range of choice, that is at the core of the power to impose one's own chosen policy." The court contrasted the limited authority of a constable with that of the county judge, county sheriff, and

2

county treasurer, all of which have power "marked by authority to define objectives and choose the means of achieving them" for the entire county. Id. Nor did the "seeming independence of a Texas constable and . . . the lack of superintendence by the county court" imbue final policy-making power. Id. at 110. On this basis, the court concluded that constables "lacked the power to make county policy." Id. Other decisions in our circuit support this conclusion,[2] as do Texas statutes.[3]

The discharged employees rely primarily on Hitt v. Connell, 301 F.3d 240 (5th Cir. 2002), to argue that Texas law does make a constable the final policy-making authority with respect to individual hiring and firing. But Hitt is inapposite. While Hitt involved similar factual circumstances, the § 1983 suit was directed against the constable himself, rather than the county. Id. at 245. As such, whether the constable's actions implicated the county for § 1983 purposes was not at issue. The court's consideration of whether the constable was a final decision-making authority was therefore directed not at determining whether the constable established employment policy for the county, but instead whether the constable, in his individual capacity, was causally responsible for the firing at issue. Id. at 247-48. Stated another way, the question addressed by the court was whether the local civil service commission review and approval of the constable's decision made the commission causally responsible for the

---

[2] See, e.g., Keenan v. Tejada, 290 F.3d 252, 263 (5th Cir. 2002) (holding that § 1983 First Amendment retaliation claim could not be brought against county for actions of constable); Frank v. Harris County, 118 F. App'x. 799, 802 (5th Cir. 2004) (unpublished) (holding that a discharged Harris County deputy could not pursue a § 1983 claim against the county because the constable that fired her was not a final policy maker for the county); Drain v. Galveston County, 979 F. Supp. 1101, 1103 (S.D. Tex. 1997) (holding that without evidence that a constable was acting in accord with an official policy, county could not be sued under § 1983 for constable's actions).

[3] See Tex. Loc. Gov't Code § 86.011(a), § 151.002, § 151.003 (providing that a constable may only appoint deputy with permission of commissioners court and the commissioners court oversees that appointment).

termination, rather than the constable. Id. The court's answer to that question—that the commission was not a final decision maker—is therefore simply irrelevant to determination of the question presented here.

Because the discharged employees brought suit only against Harris County and cannot show that Jones, as a constable, is a final policy maker for the county, the former employees' § 1983 claim must fail. The judgment of the district court is therefore

AFFIRMED.