**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 10, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 03-10650

———————————

NAOMI SOTO

                    Plaintiff - Appellant

v.

CITY OF HALTOM CITY

                    Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 4:02-CV-1048-A

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

    Naomi Soto appeals the district court's Rule 12(b)(6)

dismissal of her 42 U.S.C. § 1983 claims against the City of

Haltom City for wrongful incarceration, invasion of privacy, and

unconstitutional conditions of confinement.  In addition, Soto

appeals the district court's denial of her motion for leave to

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

file a second amended complaint.[1]

A plaintiff asserting a claim under § 1983 must "(1) allege a violation of rights secured by the Constitution of the United States or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004). In Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), the Supreme Court held that a municipality could be held liable for an injury under § 1983 if the injury was caused by a custom or policy of the municipality.

Soto alleges that she was confined in the Haltom City jail in connection with various misdemeanors without being afforded an indigency hearing, without being informed of her right to counsel, and without the benefit of appointed counsel. According to Soto, the City is liable under § 1983 for these alleged constitutional violations because it had a policy of jailing inmates, such as her, for misdemeanor violations, without providing counsel or determining whether they had the ability to pay their misdemeanor fines. Assuming that Soto has alleged violations of her constitutional rights, we conclude that Soto's theory of liability is flawed. The relevant decisions were made, not by a City policymaker, but by a municipal judge acting in his

_____

[1]     For purposes of oral argument, this case was consolidated with twelve similar cases and heard under the name Drake v. City of Haltom City, No. 03-10594.

2

judicial capacity.  As the Ninth Circuit reasoned in <u>Eggar v.</u>

<u>City of Livingston</u>:

> Because [the judge] was functioning as a state judicial
> officer, his acts and omissions were not part of a city
> policy or custom.  A municipality cannot be liable for
> judicial conduct it lacks the power to require, control,
> or remedy, even if that conduct parallels or appears
> entangled with the desires of the municipality.

40 F.3d 312, 316 (9th Cir. 1994) (footnote omitted); <u>see also</u>

<u>Johnson v. Moore</u>, 958 F.2d 92, 94 (5th Cir. 1992).

In the alternative, Soto alleges that the City is liable

because it ratified the municipal judge's conduct.  Because the

municipality did not have the power to control the municipal

judge's actions, however, it also did not have the power to

ratify them.  We, therefore, conclude that the district court

correctly dismissed Soto's wrongful-incarceration claim.[2]

Soto's remaining claims require no extended discussion.

Even if Soto has alleged a constitutional violation arising out

of the video system's misuse, she has presented no basis for

holding the City liable because she has not alleged that the

misuse arose out of a City custom or policy.  <u>Cf.</u> <u>Monell</u>, 436

U.S. at 690-91.  Similarly, even if Soto's constitutional rights

were violated when she was allegedly strip searched by male

---

[2]     On appeal, Soto presents a number of other grounds for
holding the City liable for her alleged wrongful incarceration,
which she did not assert in the district court.  We will not
address Soto's new arguments on appeal because we conclude that
no miscarriage of justice will occur by our failure to consider
them.  <u>See</u> <u>McDonald's Corp. v. Watson</u>, 69 F.3d 36, 44 (5th Cir.
1995).

guards "without good cause," Soto has not alleged that the City had a policy or custom of allowing baseless cross-gender strip searches.  Cf. id.  Even if the jail had a policy of staffing a lone male jailer, as Soto alleges, we held in Scott v. Moore, 114 F.3d 51, 52 (5th Cir. 1997) (en banc), that the Constitution does not require jails that house female detainees either to staff more than one jailer at a time or to staff a female jailer. Finally, the City is not liable under § 1983 for the jail's policies regarding clothing, diet, and exercise because Soto's averments do not demonstrate that her constitutional rights were violated by these policies.  Cf. Hamilton v. Lyons, 74 F.3d 99, 106-07 & n.8 (5th Cir. 1996) (finding no Fourteenth or Eighth Amendment violation when a detained parolee "was denied visitation, telephone access, recreation, mail, legal materials, sheets, and showers for a three-day period").  Consequently, the district court did not err by dismissing these claims.

We also conclude that, under the facts of this case, the district court did not abuse its discretion by denying Soto's motion for leave to file a second amended complaint.  Soto was permitted to file an amended complaint, but failed to remedy her pleading deficiencies.  Furthermore, she did not seek leave to file her second amended complaint in a timely manner.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

Accordingly, we AFFIRM the district court's dismissal of Soto's complaint under Rule 12(b)(6) and the district court's

4

denial of Soto's motion for leave to file a second amended complaint.