United States Court of Appeals,

Fifth Circuit.

No. 91-1951

Summary Calendar.

Glenn JOHNSON, Plaintiff-Appellant,

v.

D. Rook MOORE, III, et al. Defendants-Appellees.

April 10, 1992.

Appeal from the United States District Court for the Northern District of Mississippi.

Before KING, EMILIO M. GARZA and DeMOSS, Circuit Judges.

KING, Circuit Judge:

Glenn Johnson appeals from the district court's dismissal of his § 1983 complaint for failure to state a claim upon which relief can be granted. Johnson sued the city of Holly Springs and D. Rook Moore, its municipal court judge, alleging that he had been the victim of the city's policy of sentencing indigent criminal defendants to jail without benefit of counsel and without a knowing and intelligent waiver of the right to counsel. The district court held that Johnson had failed to allege the existence of a municipal policy, thereby precluding the recovery of damages. The court further held that Johnson lacked standing to seek declaratory and injunctive relief against Judge Moore in his individual capacity. As the district court's decision is grounded in firmly decided precedent, we affirm the dismissal.

I. BACKGROUND

Glenn Johnson sued D. Rook Moore, III, a municipal court

judge, and the city of Holly Springs, Mississippi on October 3, 1990.  He alleged that his constitutional rights were violated when Moore sentenced him to jail "numerous times," including a three-day jail term on July 25, 1988, and a five-day jail term on July 16, 1990, without representation of counsel or waiver of his right to an attorney.  Johnson complained that Judge Moore's actions committing him to jail without counsel was part of an official municipal policy of the city of Holly Springs.

From the city and from Moore in his official capacity, Johnson asked for damages for mental anxiety and stress, as well as for loss of income, which he allegedly suffered when he was committed to jail without assistance of counsel.  From Moore in his individual capacity, Johnson sought declaratory and injunctive relief to prevent him from being incarcerated without counsel in the future.

The defendants moved to dismiss Johnson's complaint pursuant to Fed.R.Civ.P. 12(b)(6).  They argued that Johnson's claims against Moore in his official capacity and against the city should be dismissed because Johnson had not identified a municipal policy that caused his injuries.  They also argued that Johnson's claim for declaratory and injunctive relief should be dismissed because no case or controversy existed.  The district court granted the motion on August 27, 1991.  Johnson filed a timely notice of appeal.

## II. ANALYSIS

*A. Municipal Liability*

Johnson complains that the court erred when it did not hold the city liable for its unconstitutional act. In reviewing a Rule 12(b)(6) dismissal, we accept "all well pleaded averments as true and view them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls,* 762 F.2d 444, 446 (5th Cir.1985). The dismissal will not be upheld "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

Liability under 42 U.S.C. § 1983 may not be imposed on a government entity on a theory of respondeat superior for the actions of government employees. *Monell v. Department of Social Services,* 436 U.S. 658, 690–94, 98 S.Ct. 2018, 2035–37, 56 L.Ed.2d 611 (1978). Local governing bodies may be liable under § 1983, however, where the alleged unconstitutional activity is inflicted pursuant to official policy. *Id.* at 690–91, 98 S.Ct. at 2035–36. In order to state a claim, therefore, Johnson must set forth facts which, if true, show that his constitutional rights were violated as a result of the city's official policy.

Assuming, without deciding, that Johnson was constitutionally entitled to counsel in connection with his various jailings, we

turn to the question whether Judge Moore's actions constituted official municipal policy. Johnson complains that because Moore was the final authority on his incarceration, Moore executed official municipal policy. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). We have defined official policy as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir.1984) (en banc), *cert. denied,* 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985).

We have repeatedly held, however, that a municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker. *See Bigford v. Taylor,* 834 F.2d 1213, 1221–22 (5th Cir.), *cert. denied,* 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 108 (1988); *Carbalan v. Vaughn,* 760 F.2d 662, 665 (5th Cir.), *cert. denied,* 474 U.S. 1007, 106 S.Ct. 529, 88 L.Ed.2d 461 (1985); *Familias Unidas v. Briscoe,* 619 F.2d 391, 404 (5th Cir.1980) (distinguishing judge's administrative duties, actions pursuant to which may constitute county policy

under *Monell,* from judge's judicial function, in which he or she effectuates state policy by applying state law).

Johnson does not contend, in his complaint below or in his brief on appeal, that Judge Moore sentenced him to jail pursuant to the judge's administrative or other non-judicial duties. He argues only that, under *Pembaur,* the municipal judge is a final policymaker whose official actions constitute municipal policy. This argument ignores the distinction we have consistently drawn between a judge's judicial and administrative duties. Only with respect to actions taken pursuant to his or her administrative role can a judge be said to institute municipal policy under *Pembaur* and *Monell.* Johnson's complaint fails to show that his constitutional rights were violated as a result of the city's official policy. The district court did not err when it dismissed Johnson's claims against the city and Judge Moore in his official capacity.

*B. Standing*

Johnson further complains that the court erred when it dismissed his claim for injunctive and declaratory relief against Judge Moore in his individual capacity due to lack of standing. For a plaintiff to demonstrate standing to obtain injunctive relief, he must show that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City*

*of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (quotations omitted). It would require conjecture or hypothesis to find that Johnson will again act in such a way as to be arrested on a misdemeanor charge and incarcerated by Moore without representation of counsel. "Past exposure to illegal conduct does not in itself show a present case or controversy ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. 488, 495–96, 94 S.Ct. 669, 675–76, 38 L.Ed.2d 674 (1974), *quoted in Lyons,* 461 U.S. at 102, 103 S.Ct. at 1665. Just as in *O'Shea* and *Lyons,* Johnson can show only a distantly speculative possibility that he will again be subjected to the practice he complains of. Consequently, he lacks standing to seek injunctive or declaratory relief.

Johnson argues that this case is subject to the "capable of repetition, but evading review" exception. His argument confuses the doctrines of standing and mootness. The "capable of repetition, but evading review" exception applies to some mootness problems, but is simply inapposite when a plaintiff lacks standing to seek the requested relief. *See Nelsen v. King County,* 895 F.2d 1248, 1254 (9th Cir.1990). Although the analysis regarding the likelihood of future harm is similar under both the mootness and standing doctrines, see *id.,* a plaintiff who lacks standing from the outset of litigation cannot avoid Article III's standing requirement (an element of the case or controversy requirement) by asserting an exception developed in the mootness context (a separate manifestation of the case or controversy requirement).

*See also Lyons,* 461 U.S. at 109, 103 S.Ct. at 1669 (discussing "capable of repetition" exception in context of mootness, as opposed to standing).

## III. CONCLUSION

We AFFIRM the district court's dismissal of Johnson's complaint.