IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20444
Conference Calendar

_____

JOSEPH YOUNG,

Plaintiff-Appellant,

versus

CITY OF HOUSTON TEXAS; METROPOLITAN TRANSIT AUTHORITY;
PLEASANTVILLE CIVIC LEAGUE; DENVER HARBOR CIVIC LEAGUE;
PORT OF HOUSTON CIVIC LEAGUE; FIFTH WARD CIVIC LEAGUE
CATHOLIC DIOCESE OF HOUSTON/GALVESTON; SOUTHERN BAPTIST
CONVENTION; HOUSTON RECOVERY CAMPUS; CORRECTIONAL
SERVICES CORP; CORRECTIONAL CORPORATION OF AMERICA; PROSPECT
HOUSE/FULFILLMENT FOUNDATION; HOUSTON AFTERCARE; CHANNEL
13NEWS/ABC BROADCASTING CO; GEHOVA WITNESS ASSOCIATION; OPEN
DOOR MISSION/BOARD OF DIRECTORS; TIMMY DANG CHICKEN AND
RICE; SUPER MERCARDO FOOD MARKET; JERRY CRAWFORD, doing
business as Jerry Crawford Real Estate; UNITED STATES POSTAL
SERVICE; FEDERAL BUREAU OF INVESTIGATION; U.S. ATTORNEY'S
OFFICE; JACK IN THE BOX INC.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2348
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joseph Young has appealed the district court's order
dismissing his civil rights complaint as frivolous pursuant to 28
U.S.C. § 1915(e)(2)(B)(i).  Young has limited his arguments on
appeal to his claims against the City of Houston.  We have

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed the record and Young's arguments on appeal and are unable to conclude that Young's allegations, if developed further, might present a nonfrivolous constitutional claim against the City of Houston.  See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994); see also Board of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 404 (1997); Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).  Young's conclusional arguments do not demonstrate that the district court abused its discretion in dismissing his complaint as delusional and factually frivolous.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (standard of review).

Because the appeal is frivolous, it is DISMISSED.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Young's request for injunctive relief and all other outstanding motions are DENIED.

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED.