IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30135
Summary Calendar

_____

HENRY WILSON,

Plaintiff-Appellant,

versus

THE CITY OF NEW ORLEANS; CITY OF NEW ORLEANS DEPARTMENT OF
HEALTH; CITY OF NEW ORLEANS DEPARTMENT OF SAFETY AND PERMITS,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(No. 00-CV-3115-R)

_____

October 15, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Henry Wilson appeals a summary judgment dismissing his 42
U.S.C. § 1983 action against the City of New Orleans and two of its
departments (collectively "the City"). (He does *not* contest the
dismissal of his state-law claims.) Wilson contends the City
denied him due process of law by failing to provide sufficient

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

notice of a hearing and adjudication concerning the demolition of his property in New Orleans.

We review a grant of summary judgment *de novo*. *E.g.,* **Amburgey v. Corhart Refractories Corp.**, 936 F.2d 805, 809 (5th Cir. 1991). Such judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "'there is no genuine issue as to any material fact and ... the moving party is entitled to [a] judgment as a matter of law.'" **Id.** (quoting FED. R. CIV. P. 56(c)).

Wilson alleged no specific facts that, if accepted as true, would establish a municipal policy or custom to provide inadequate notice, as he must do to establish municipal liability under 42 U.S.C. § 1983. *See*, *e.g.*, **Johnson v. Moore**, 958 F.2d 92, 93-94 (5th Cir. 1992). Allegations of a policy or custom and its relationship to a constitutional violation cannot be conclusional but must contain specific facts. *See, e.g.,* **Spiller v. City of Texas City, Police Dep't**, 130 F.3d 162, 167 (5th Cir. 1997) (citing **Fraire v. Arlington**, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied* 506 U.S. 973 (1992)).

Nor did Wilson offer any summary-judgment evidence relevant to a policy or custom. He contends that a single decision may constitute a policy or custom, but he does not explain how that principle applies here. Instead, he asserts that "various witnesses" will establish "a clear and continuing series of practices" that violate constitutional due-process requirements. Needless to say, such conclusions do not avoid dismissal. *See*

*Spiller*, 130 F.3d at 167. Because Wilson fails to show a policy or custom, the judgment is **AFFIRMED**. *See* ***Bickford v. Int'l Speedway Corp.***, 654 F.2d 1028, 1031 (5th Cir. 1981) (appellate court may affirm "on any grounds, regardless of whether those grounds were used by the district court").

*AFFIRMED*