United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10347
Summary Calendar

CHARLES EDWARD SENTER,

Plaintiff-Appellant,

versus

CITY OF DALWORTHINGTON GARDENS; MATT MAYO;
SUZANNE HUDSON; UNKNOWN POLICE OFFICERS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-00022-Y
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit
Judges.

PER CURIAM:[*]

Charles Edward Senter appeals the summary judgment dismissal

of his 42 U.S.C. § 1983 complaint.  Senter was stopped by police

at approximately 12:30 a.m. on January 3, 1999, for traffic

violations.  He was arrested and was detained until 5:30 p.m.

when a judge granted release on bail.  Senter subsequently was

found guilty of failing to signal continuously for the last 100

feet of movement prior to turning, operating a motor vehicle

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

without holding a driver's license, and failing to establish financial responsibility.

Our review of the dismissal of Senter's complaint on summary judgment is de novo. Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003). "'Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact precluding judgment as a matter of law in favor of the movant.'" Mace, 333 F.3d at 623. To defeat summary judgment, the nonmovant must set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e). The nonmovant cannot meet his burden with unsubstantiated assertions, conclusional allegations, or a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Senter contends that Texas law authorized his release either with a citation or a bond and that due process required the defendants to explain why they did not release him on these terms. Senter contends that the City of Dalworthington Gardens is liable based on its oppressive custom and policy of detaining persons after probable cause to detain them on a warrantless arrest is no longer present.

Senter does not argue that Texas law required his release on a citation or bond. He does not argue that Texas law prohibited his arrest and detention. Senter does not provide support for his position that due process required an explanation for the

detention. Senter has not demonstrated the violation of a constitutional right on his claims concerning his detention. See County of Riverside v. McLaughlin, 500 U.S. 44, 52-56 (1991). The failure to establish a constitutional violation defeats Senter's claims of municipal liability arising from the detention. Olabisiomotosho v. City of Houston, 185 F.3d 521, 529 (5th Cir. 1999).

Senter contends that the City of Dalworthington Gardens is liable based on its oppressive custom and policy of setting bail in the amount of double the fine for the offense. To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must show that a policy or custom caused the constitutional violation. Richardson v. Oldham County, 12 F.3d 1373, 1381 (5th Cir. 1994). As the district court concluded, the action that a judge takes pursuant to judicial duty cannot constitute municipal policy. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). Senter has not attempted to refute the district court's reasoning, and thus, he has effectively abandoned any appeal of this issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Senter concedes that his claims against Judge Hudson were barred by judicial immunity. Hudson has not addressed the district court's dismissal pursuant to Heck v. Humphrey, 512 U.S. 477, 486 (1994), of his claims concerning the stop and arrest, and he has not asserted claims concerning the conditions of his

confinement.  Accordingly, Senter has abandoned these issues.

Brinkmann, 813 F.2d at 748.  The judgment of the district court

is AFFIRMED.