**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 10, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-10631

JANE DOE 5

                              Plaintiff - Appellant

v.

CITY OF HALTOM CITY, Et Al

                              Defendants

CITY OF HALTOM CITY

                              Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 4:02-CV-0770-A

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

     Jane Doe No. 5 appeals the district court's Rule 12(b)(6)

dismissal of her 42 U.S.C. § 1983 claims against the City of

Haltom City for wrongful incarceration, sexual harassment,

invasion of privacy, and unconstitutional conditions of

---

     [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

confinement. In addition, Doe 5 appeals the district court's denial of her motion for leave to file a fourth amended complaint.[1]

A plaintiff asserting a claim under § 1983 must "(1) allege a violation of rights secured by the Constitution of the United States or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004). In Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), the Supreme Court held that a municipality could be held liable for an injury under § 1983 if the injury was caused by a custom or policy of the municipality.

Doe 5 alleges that she was confined in the Haltom City jail in connection with various misdemeanors without being afforded an indigency hearing, without being informed of her right to counsel, and without the benefit of appointed counsel. According to Doe 5, the City is liable under § 1983 for these alleged constitutional violations because it had a policy of jailing inmates, such as her, for misdemeanors, without providing counsel or determining whether they had the ability to pay their misdemeanor fines. Assuming that Doe 5 has alleged violations of her constitutional rights, we conclude that Doe 5's theory of

---

[1] For purposes of oral argument, this case was consolidated with twelve similar cases and heard under the name Drake v. City of Haltom City, No. 03-10594.

liability is flawed.  The relevant decisions were made, not by a City policymaker, but by a municipal judge acting in his judicial capacity.  As the Ninth Circuit reasoned in Eggar v. City of Livingston:

> Because [the judge] was functioning as a state judicial officer, his acts and omissions were not part of a city policy or custom.  A municipality cannot be liable for judicial conduct it lacks the power to require, control, or remedy, even if that conduct parallels or appears entangled with the desires of the municipality.

40 F.3d 312, 316 (9th Cir. 1994) (footnote omitted); see also Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).

In the alternative, Doe 5 alleges that the City is liable because it ratified the municipal judge's conduct.  Because the municipality did not have the power to control the municipal judge's actions, however, it also did not have the power to ratify them.  We, therefore, conclude that the district court correctly dismissed Doe 5's wrongful-incarceration claim.[2]

Doe 5's remaining claims require no extended discussion. Verbal sexual harassment does not violate a detainee or inmate's constitutional rights; thus, Doe 5 has no claim against the City under § 1983 for any sexual harassment she suffered while in jail.  See, e.g., Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th

---

[2]    On appeal, Doe 5 presents a number of other grounds for holding the City liable for her alleged wrongful incarceration, which she did not assert in the district court.  We will not address Doe 5's new arguments on appeal because we conclude that no miscarriage of justice will occur by our failure to consider them.  See McDonald's Corp. v. Watson, 69 F.3d 36, 44 (5th Cir. 1995).

3

Cir. 2004); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."). Next, even if Doe 5 has alleged a constitutional violation arising out of the video system's misuse, she has presented no basis for holding the City liable because she has not alleged that the misuse arose out of a City custom or policy. Cf. Monell, 436 U.S. at 690-91. Even if the jail had a policy of staffing a lone male jailer, as Doe 5 alleges, we held in Scott v. Moore, 114 F.3d 51, 52 (5th Cir. 1997) (en banc), that the Constitution does not require jails that house female detainees either to staff more than one jailer at a time or to staff a female jailer. Finally, the City is not liable under § 1983 for the jail's policies regarding clothing, diet, and exercise because Doe 5's averments do not demonstrate that her constitutional rights were violated by these policies. Cf. Hamilton v. Lyons, 74 F.3d 99, 106-07 & n.8 (5th Cir. 1996) (finding no Fourteenth or Eighth Amendment violation when a detained parolee "was denied visitation, telephone access, recreation, mail, legal materials, sheets, and showers for a three-day period"). Consequently, the district court did not err by dismissing these claims.

We also conclude that, under the facts of this case, the district court did not abuse its discretion by denying Doe 5's motion for leave to file a fourth amended complaint. Doe 5 was permitted to file three amended complaints, but failed to remedy

4

her pleading deficiencies.  Furthermore, she did not seek leave to file her fourth amended complaint in a timely manner.  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

For the foregoing reasons, we AFFIRM the district court's dismissal of Doe 5's complaint under Rule 12(b)(6) and the district court's denial of Doe 5's motion for leave to file a fourth amended complaint.