United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-10675

CELESTINA DELEON

Plaintiff - Appellant

v.

CITY OF HALTOM CITY; DEWEY MARKUM, Individually and in his
official capacity; ROBERT HURLEY, Individually and in his
official capacity; DAVID AVERITT, Individually and in his
official capacity; TRAE FOWLER, Individually and in his
official capacity; JOHN WILLIAMS, Individually and in his
official capacity; TRACY HENDERSON, Individually and in his
official capacity; PHILLIP JENNINGS, Individually and in his
official capacity; JACK BYNO, Individually and in his
official capacity

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
No. 4:02-CV-1045-A

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Celestina DeLeon appeals the district court's dismissal of

her suit against the City of Haltom City, its city council

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

members (in their individual and official capacities), and former municipal judge Jack Byno.[1]  DeLeon alleges that she was incarcerated by former municipal judge Byno for misdemeanors, without being provided an indigency hearing, without being informed of her right to counsel, and without having counsel appointed for her.[2]

On appeal, DeLeon argues that the City is liable[3] because (1) its final decisionmakers likely knew that she was wrongfully incarcerated; (2) the City had a policy of incarcerating indigent defendants for misdemeanors, in violation of their constitutional rights; (3) the city council ratified Byno's conduct; and (4) the city council conspired with Byno to wrongfully incarcerate indigent persons.  DeLeon's first three theories of municipal liability are inadequate under the facts of this case.  Former municipal judge Byno, not the City, made the decisions not to provide DeLeon with an indigency hearing, not to inform her of her right to counsel, and not to appoint counsel for her.  We

---

[1]     For purposes of oral argument, this case was consolidated with twelve similar cases and heard under the name Drake v. City of Haltom City, No. 03-10594.

[2]     DeLeon's complaint alleges that her constitutional rights were also violated during her incarceration.  She does not, though, appeal the district court's dismissal of these claims.

[3]     In addition to damages, DeLeon's complaint sought declaratory and injunctive relief.  DeLeon, however, lacks standing to seek prospective relief.  See Johnson v. Moore, 958 F.2d 92, 94-95 (5th Cir. 1992).  Consequently, we will only consider DeLeon's claims for damages.

2

reject the contention that the City had the power to set judicial policy for a municipal judge, such as Byno, or that it could have ratified a municipal judge's judicial conduct, even if its policymakers knew of the judge's conduct and approved of it.  See Eggar v. City of Livingston, 40 F.3d 312, 316 (9th Cir. 1994); see also Johnson, 958 F.2d at 94.

DeLeon also contends that the City is liable because her incarceration was part of a conspiracy between Byno and the city council.  DeLeon's complaint states, in a conclusory fashion, that "the individual Defendants conspired to violate the civil rights of DeLeon . . . and to deprive her[ of] equal protection under the law."[4]  This statement is clearly insufficient to put the defendants on notice of her claims; it does little more than state legal conclusions.  DeLeon's factual allegations, found elsewhere in her complaint, do not support her theories.  She does not allege that Byno had any sort of agreement with members of the city council.  Her factual allegations regarding Byno and the city council, rather, are that "[a]fter receiving numerous complaints from citizens about Byno, the City Council gave him a raise."  DeLeon Compl. at 14.  But this does not support a

---

[4]   DeLeon's complaint originally included class allegations, wherein she made additional allegations regarding the conspiracy between Byno and the city council.  DeLeon's class allegations were, however, dismissed by the district court because DeLeon failed to move for certification of a class within ninety days of filing her complaint.  DeLeon does not challenge this dismissal on appeal.

conclusion that Byno and city council members had an agreement beforehand to violate DeLeon's civil rights or to deprive her of equal protection under the law.  See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994) (holding that a plaintiff bringing a § 1983 conspiracy suit must allege the existence of an agreement to commit an illegal act); Green v. State Bar of Tex., 27 F.3d 1083, 1089 (5th Cir. 1994) (holding that a plaintiff bringing a § 1985(3) conspiracy suit must allege the existence of an agreement to deprive the plaintiff of the equal protection of the laws).  Consequently, we find that the district court correctly dismissed DeLeon's conspiracy claims under § 1983 and § 1985(3).[5]

DeLeon also seeks to hold individual city council members[6] responsible for her incarceration.  She argues that their liability stems either from their ratification of Byno's conduct or from their conspiracy with Byno.  But city council members could not "ratify" Byno's conduct because Byno was not a subordinate of the city council and city council members had no

---

[5]     In any event, DeLeon has not stated a claim under § 1985(3) because she alleges that the conspiracy was motivated by bias towards the poor, but the Supreme Court has held that § 1985(3) does not reach conspiracies motivated by bias towards others on account of their economic status.  United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 837 (1983).

[6]     A suit against city council members in their official capacities is, in reality, a suit against the City.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985).  Thus, the preceding analysis regarding the City's liability applies to DeLeon's official-capacity claims against city council members.

4

authority to control Byno's judicial actions.  Cf. Eggar, 40 F.3d at 316.  Furthermore, as explained above, DeLeon's allegations regarding a conspiracy between Byno and the city council are inadequate because she does not aver that the parties had an agreement before the fact to violate her rights.  Consequently, the district court properly dismissed DeLeon's claims against the members of the city counsel in their individual capacities.

Finally, we hold that the district court correctly dismissed DeLeon's claims against Byno in his individual capacity.[7]  Byno's actions were judicial in nature and, in performing these actions, Byno did not act in the clear absence of all jurisdiction.  Thus, Byno is protected from liability by absolute judicial immunity. See Holloway v. Walker, 765 F.2d 517, 522-25 (5th Cir. 1985); Sparks v. Duval County Ranch Co., 604 F.2d 976, 979-80 (5th Cir. 1979) (en banc), aff'd sub nom. Dennis v. Sparks, 449 U.S. 24 (1980).

Accordingly, we AFFIRM the district court's Rule 12(b)(6) dismissal of DeLeon's suit.

---

[7]  DeLeon does not appeal the dismissal of her claims against Byno in his official capacity.