**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 10, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10942
_____

RYAN M WHISENANT

                              Plaintiff - Appellant

v.

CITY OF HALTOM CITY

                              Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 4:02-CV-322-A

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:*

    Ryan Whisenant appeals the district court's Rule 12(b)(6)

dismissal of his 42 U.S.C. § 1983 claims against the City of

Haltom City for wrongful incarceration and unconstitutional

conditions of confinement.[1]

_____

    *    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

    [1]    For purposes of oral argument, this case was
consolidated with twelve similar cases and heard under the name
Drake v. City of Haltom City, No. 03-10594.

A plaintiff asserting a claim under § 1983 must "(1) allege a violation of rights secured by the Constitution of the United States or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004). In Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), the Supreme Court held that a municipality could be held liable for an injury under § 1983 if the injury was caused by a custom or policy of the municipality.

Whisenant alleges that he was incarcerated in the Haltom City jail for fifty days in connection with various misdemeanors. According to Whisenant, former municipal judge Jack Byno incarcerated him without informing him of his right to counsel, providing him with appointed counsel, or holding a hearing to determine whether Whisenant was able to pay his misdemeanor fines. Whisenant argues that the City is responsible for these alleged constitutional violations because (1) the City had a policy of incarcerating defendants who were unable to pay misdemeanor fines without providing them with indigency hearings or appointing counsel for them, (2) the City ratified Byno's actions, and (3) the city council conspired with Byno to incarcerate indigent defendants in order to extract money from them.

The City cannot be liable under § 1983 for having a "policy" of wrongfully incarcerating indigent defendants because the

2

relevant decisions were made by a municipal judge acting in his judicial capacity.  As the Ninth Circuit reasoned in Eggar v. City of Livingston:

> Because [the judge] was functioning as a state judicial officer, his acts and omissions were not part of a city policy or custom.  A municipality cannot be liable for judicial conduct it lacks the power to require, control, or remedy, even if that conduct parallels or appears entangled with the desires of the municipality.

40 F.3d 312, 316 (9th Cir. 1994) (footnote omitted); see also Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).  Similarly, because the City had no power to control Byno's judicial actions, the City cannot be liable for "ratifying" his judicial conduct.

Whisenant, however, also contends that the City is liable because the city council conspired with Byno to incarcerate him and other indigent defendants in order to raise money for the City.  To state a claim for conspiracy under § 1983, a plaintiff must allege the existence of (1) an agreement to do an illegal act and (2) an actual constitutional deprivation.  See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).  Whisenant has alleged an agreement between Byno and the city council to violate his rights (and the rights of other indigent defenants): "Byno conspired with the City counsel [sic] to establish procedures designed to deprive individuals of their constitutional rights to generate revenues for the City by intimidating accused individuals to plead guilty, levying unjust fines, refusing to appoint counsel . . . and throwing citizens in 'debtor's prison.'"

3

Whisenant Compl. at 4. Furthermore, by alleging that he was not given an indigency hearing or provided with appointed counsel before being incarcerated, Whisenant has alleged actual deprivations of his constitutional rights. See Scott v. Illinois, 440 U.S. 367, 373-74 (1979); Tate v. Short, 401 U.S. 395, 399 (1971).

The next question is whether the City could be liable under § 1983 for this conspiracy. The City cannot be liable for Byno's role in the conspiracy, since Byno was not acting as a municipal official or lawmaker. Johnson, 958 F.2d at 94. But the City can be held liable for the city council's part in the conspiracy, because the city council is the City's policymaking body and, consequently, its decisions constitute City policy. See id. (defining "official policy"). Therefore, we hold that Whisenant has stated a § 1983 claim against the City for his wrongful incarceration. Whether the claim will survive a properly supported motion for summary judgment is not before us.

Whisenant has failed to state a claim regarding his conditions of confinement, however, because he has not alleged that his diet was medically unsafe or nutritionally inadequate. See Green v. Ferrell, 801 F.2d 765, 771-70 (5th Cir. 1986). Thus, the district court properly dismissed this claim.

Accordingly, we REVERSE the district court's dismissal of Whisenant's § 1983 claim against the City for wrongful incarceration and AFFIRM the district court's dismissal of

4

Whisenant's § 1983 claim against the City for unconstitutional conditions of confinement.