United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40214
_____

TOMAS DURAN,

Plaintiff-Appellant,

versus

CITY OF CORPUS CHRISTI; ET AL,

Defendants,

CITY OF CORPUS CHRISTI; DAVID GARCIA; DONNA JAMES; LEE DUMBAULD;
KEITH McNEELY; McGRIFF, SEIBELS & WILLIAMS, INC.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(2:04-CV-500)
--------------------

Before REAVLEY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Tomas Duran ("Duran") sued Defendants-

Appellees the City of Corpus Christi, David Garcia, Donna James,

Lee Dumbauld, Keith McNeely, and McGriff, Seibels & Williams, Inc.,

asserting claims under 42 U.S.C. § 1983, the Racketeer Influenced

and Corrupt Organizations Act[1] ("RICO"), and Texas's state law of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 18 U.S.C. § 1961 et seq.

negligent misrepresentation. The district court dismissed all of Duran's claims. We affirm in part, and reverse and remand in part.

Duran alleged that he is a licensed insurance agent who in 2003 prepared a bid on behalf of Entrust, Inc., for Entrust to administer the City of Corpus Christi's ("the City") health care program. According to Duran's complaint, the City rejected Entrust's bid in retaliation for Duran's past complaints to the City and its officers about the City's allegedly fraudulent use of public funds. In addition, Duran alleges that the City's allegedly fraudulent use of public funds constituted mail and wire fraud that injured Duran, rendering the Defendants liable to him under RICO. And, finally, Duran alleges that the City and its officers made negligent misrepresentations to him throughout the course of their allegedly fraudulent use of public funds.

Defendants the City, Garcia, James, and Dumbauld moved to dismiss all of Duran's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state any claims on which relief could be granted. In a very thorough order, the district court (1) granted each Defendant's motion to dismiss, and (2) dismissed <u>sua sponte</u> all of Duran's claims against Defendants McNeely and McGriff, Seibels & Williams, Inc., for failure to state any claims against those defendants.

Given the care with which the district court addressed Duran's complaint, we decline to reiterate much of the well and accurately explicated facts and law in this case. Rather, for the reasons

2

stated in the district court's order, we affirm dismissal of (1) all of Duran's RICO claims, (2) all of Duran's negligent misrepresentation claims, and (3) Duran's § 1983 claims against Defendants Garcia, James, Dumbauld, McNeely, and McGriff, Seibels & Williams, Inc.

The district court's only error was in its treatment of Duran's direct § 1983 claim against the City. As it did with Duran's other claims, the district court dismissed this claim under Rule 12(b)(6), reasoning that Duran (1) failed to "allege[] that the City has a policy or custom of retaliating against individuals who criticize it or its decisionmakers," and (2) failed to "allege that the City Council's decision not to renew the Entrust contract was 'substantially motivated' by [Duran's] protected speech." On appeal, Duran has made no effort to direct our attention to any allegations in his complaint that rebut the district court's conclusions. Given the standard under which we must review a Rule 12(b)(6) dismissal,[2] however, we have searched Duran's complaint

---

[2] Generally, 12(b)(6) motions to dismiss are disfavored: The motion should not be granted "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999). "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). But our fealty to the plaintiff's complaint does not extend to "conclusory allegations or unwarranted deductions of fact." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). Surviving a 12(b)(6) motion thus requires that a plaintiff invoke something more than mere conclusions. See Schultea v. Wood, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc) ("Significantly, the

3

for any statements that sufficiently allege that (1) the City retaliated against him pursuant to official policy, and (2) the City's allegedly retaliatory action was substantially motivated by his speech.  Finding a surfeit of allegations on both points, we reverse the district court's dismissal of this § 1983 claim.

Section 1983 establishes a civil cause of action to redress the deprivation of federal constitutional and statutory rights by state officials.[3]  As the district court reasoned, stating a § 1983 First Amendment retaliation claim directly against a municipality requires that the plaintiff allege facts tending to show, <u>inter alia</u>, that (1) the municipality acted pursuant to official <u>policy or custom</u>,[4] and (2) the municipality's allegedly retaliatory action was <u>substantially motivated</u> by the plaintiff's speech.[5]

First, we hold that in his complaint Duran did sufficiently allege that, in retaliating against him, the City acted pursuant to official policy.  This circuit defines "policy" to include a "<u>decision</u> that is <u>officially adopted and promulgated by the</u>

_____

requirement of making a short and plain statement demands more than a statement of conclusions . . . .").  Moreover, "[d]ismissal is proper if the complaint lacks an allegation regarding a <u>required element</u> necessary to obtain relief."  <u>Blackburn v. City of Marshall</u>, 42 F.3d 925, 931 (5th Cir. 1995) (emphasis added).

[3] 42 U.S.C. § 1983.

[4] <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 694 (1978); <u>Tharling v. Port of Lavaca</u>, 329 F.3d 422, 427 (5th Cir. 2003).

[5] <u>Keenan v. Tejeda</u>, 290 F.3d 252, 258 (5th Cir. 2002); <u>Kennedy v. Tangipahoa Parish Library Bd. of Control</u>, 224 F.3d 359, 366 (5th Cir. 2000).

4

<u>municipality's lawmaking officers</u> . . . ."[6]  Here, Duran alleged

that the City's lawmaking body —— the City Council[7] —— officially

adopted the decision to "select[] [a competing bid] and . . .

reject[]" the Entrust bid that Duran prepared.  As that rejection

is precisely the action that Duran contends was retaliatory, the

"policy" requirement is satisfied.

Second, we hold that Duran sufficiently alleged that his

complaints regarding the City's allegedly fraudulent use of public

funds substantially motivated the City's rejection of the Entrust

bid.  As the district court noted, the City could have been

substantially motivated by Duran's speech only if it <u>knew</u> of his

speech.[8]  Thus, we focus our examination on whether Duran

sufficiently alleged facts tending to show that the City knew of

his allegedly protected speech, and, if so, whether the City's

knowledge substantially motivated its decision.[9]  We conclude that

the following allegations in Duran's complaint sufficiently alleged

---

[6] <u>Johnson v. Moore</u>, 958 F.2d 92, 94 (5th Cir. 1992).

[7] <u>See</u> CHARTER OF THE CITY OF CORPUS CHRISTI art. I, § 3 ("[A]ll powers of the city shall be vested in an elective council . . . which shall . . . determine policies."); <u>id.</u> § 4 ("The legislative power of the city is vested in the city council.").

[8] <u>See</u> <u>Tharling</u>, 329 F.3d at 428 ("It is axiomatic that a party cannot be 'substantially motivated' by a circumstance of which that party is unaware.").

[9] Because the City Council, as the City's lawmaking authority, is the body that actually carried out the retaliatory action alleged by Duran, our search for allegations of the City's awareness of Duran's speech is actually a search for allegations that the <u>City Council</u> was aware of Duran's speech.

5

such facts.  First, Duran alleged that he "informed . . . Mayor Loyd Neal on numerous occasions that the fraud would likely result in coverage denial by the insurance companies."  Under the City's charter, the mayor is a member of the City Council[10]; his knowledge of Duran's complaints is thus relevant to whether the City Council knew of his complaints.  Second, Duran alleged that he "informed . . . City decision makers of the fraudulent scheme."  Third, Duran alleged that he "informed the City of Corpus Christi that he refused and failed to participate in the fraudulent scheme to obtain insurance coverage for Laura Vasquez."  And, finally, Duran alleged that "[t]he City's failure to renew Plaintiff's contract was motivated by Plaintiff's protected speech."

Taken together, these allegations are sufficient to survive the City's Rule 12(b)(6) motion to dismiss.  We therefore reverse the district court's dismissal of Duran's § 1983 retaliation claim directly against the City and remand his action for further proceedings consistent with this opinion.

AFFIRMED in part; REVERSED and REMANDED in part.

---

[10] See CHARTER OF THE CITY OF CORPUS CHRISTI art. II, § 1.