# United States Court of Appeals for the Fifth Circuit

No. 20-50352
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2022

Lyle W. Cayce
Clerk

Robert Foster Harlan, Jr.,

*Plaintiff—Appellant*,

*versus*

McLennan County; Sheriff Parnell McNamara; Lewis Giles; Rebecca Leibel,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-182

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Robert Foster Harlan, Jr., former McLennan County, Texas, inmate # 53052, appeals the dismissal of his civil rights claims as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Harlan claimed that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the system of paralegal assistance and the writing supplies provided by the McLennan County Jail were inadequate and, coupled with problems in the mailroom, led to the dismissal of an earlier civil rights complaint. Our review is de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016).

Harlan must first establish that he was deprived of his constitutional right of access to the courts, regardless of whether the claim is asserted against a municipal entity, *see Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); a supervisory party, *see Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018); *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); or an individual, *see Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). Inmates and pretrial detainees have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346-47 (1996); *see also Terry v. Hubert*, 609 F.3d 757, 759-62 (5th Cir. 2010). However, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Casey*, 518 U.S. at 351 (internal quotation marks and citation omitted). Harlan must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.*

He has not done so. Harlan submitted his first civil rights suit asserting claims against the McLennan County Jail medical staff and others in 2019. The district court requested additional facts in support of the claims and Harlan was able to timely provide them, even though he allegedly did not receive paralegal assistance and encountered difficulties in the mailroom. That complaint was dismissed pursuant to § 1915(e)(2)(B), with the district court noting that the medical officials, at worst, provided negligent care and that nothing in Harlan's allegations rose to the level of a constitutional

violation.  Harlan needed only to provide actionable facts at that juncture to survive dismissal, not legal argument, and does not meaningfully explain why the lack of assistance from the paralegal program or inadequate writing supplies prevented him from doing so.

Harlan's motion for appointment of counsel on appeal is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).  Finally, the district court's dismissal of Harlan's complaint as frivolous and for failure to state a claim counts as a strike under § 1915(g).  *See* § 1915(g); *see also Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 575 U.S. 536-38.  A strike was previously imposed based on the district court's dismissal of Harlan's complaint for failure to state a claim in *Harlan v. McLennan County Sheriff's Office*, No. 6:19-CV-485 (W.D. Tex. Dec. 20, 2019).  Harlan is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED; MOTION DENIED.